UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

:

EDUAR VILLANUEVA-MILLA,                          :

:

Petitioner,      :

:

-v-                          :

:

ARTETA, *et al.*,                                       :

:

Respondents.   :

:

---------------------------------------------------------------- :

X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/2026

1:26-cv-349-GHW

MEMORANDUM OPINION &
ORDER

GREGORY H. WOODS, United States District Judge:

On January 14, 2026, Petitioner Eduar Villanueva-Milla, proceeding through next friend Eddna Rosydel Milla, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Ms. Milla asserted that Mr. Villanueva-Milla's continued detention by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") violates 8 U.S.C. § 1226 and the Due Process Clause of the Constitution. Because the Petitioner is not "seeking admission" within the plain meaning of the Immigration and Nationality Act ("INA") and because he was not given a bond hearing when he was detained, Mr. Villanueva-Milla's continued detention is unlawful. Accordingly, Mr. Villanueva-Milla's petition is GRANTED.

## I.    BACKGROUND

### A.  Factual Background[1]

Eduar Villanueva-Milla was born in Honduras in 2000. Amended Pet. ¶ 1. In January 2018, he entered the United States. *Id.* Soon after his entry, a border patrol agent encountered him in the Rio Grande Valley. *Id.*; *see also* Dkt. No. 17-1. On January 13, 2018, he was served with a Warrant

---

[1] Unless otherwise stated, the facts are drawn from the amended petition filed after Petitioner retained counsel, Dkt. No. 25 ("Amended Pet."), the exhibits attached to the Government's return, Dkt. No. 17, and the declaration of ICE Deportation Officer Frank Franco, Dkt. No. 19 ("Franco Decl.").

for Arrest of Alien and a Notice to Appear.  Franco Decl. ¶ 4.  He was charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) and placed in removal proceedings.  *Id.*  That same day, United States Customs and Border Protection ("CBP") detained Petitioner at the His House Children's Home in Miami-Dade County, Florida.  *Id.*. ¶ 5.

On March 5, 2018, the United States Department of Health and Human Services' Office of Refugee Resettlement ("ORR") released Mr. Villanueva-Milla to his uncle in Monroe, New York.  *Id.* ¶ 6.  His uncle agreed to the provisions set forth in a Sponsor Care Agreement.  *Id.*

On August 9, 2023, Petitioner, proceeding through counsel, requested that ICE join in his motion to dismiss the pending removal proceedings without prejudice.  *Id.* ¶ 8.  ICE joined his motion.  *See id.* ¶ 9.  Accordingly, the presiding Immigration Judge granted the parties' joint motion to dismiss on August 16, 2023.  *Id.*

On January 12, 2026, a joint task force with ICE encountered Petitioner in Monroe, New York.  *Id.* ¶ 10.  He was detained and once again charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i).  Dkt. No. 17-5.  He was served with a new Notice to Appear and an administrative warrant for his arrest.  Amended Pet. ¶ 26.  At the time of his petition, he was detained at Orange County Jail in Goshen, New York.  *Id.* ¶ 27.

### B.  Procedural History[2]

On January 14, 2026 Mr. Villanueva-Milla, proceeding through next friend Ms. Milla, filed a petition for a writ of habeas corpus.  Dkt. No. 1.  Petitioner argued that his detention was unlawful and sought release from custody or, in the alternative, a bond hearing.  *Id.* at 3.  On that same day, the Court ordered the Government to answer.  Dkt. No. 10.

On January 22, 2026, the Government filed its response.  Dkt. No 17.  The Government

---

[2] The Court only includes the procedural history that is relevant to the dispositive legal issue—namely, the applicable detention provision of the Immigration and Nationality Act.  Because the Court does not reach the other arguments raised by Petitioner, the parties' discussion of those arguments is omitted.

argued that Petitioner was lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) because he was an "applicant for admission" within the meaning of the INA.  *See* Dkt. No. 18 at 3.

On February 3, 2026, Petitioner, now proceeding through counsel, filed an amended petition.  Amended Pet.  As is relevant to this opinion, Petitioner argued that his detention violated the INA because his detention was governed by 8 U.S.C. § 1226 and he had not received a bond hearing.  *Id.* ¶¶ 38–60.  In particular, Petitioner argued that though he was an applicant for admission, he was not "seeking admission" as is required for detention under Section 1225 because "when DHS agents detained him in 2026, he was no longer seeking to enter the country."  *Id.* ¶¶ 51– 53 (citation and brackets omitted).  Petitioner argued that, as a result, his continued detention during removal proceedings was unlawful because ICE had not made an individualized determination that Petitioner should be detained.  *Id.* ¶¶ 61–70.  Petitioner argued that, as a result, his detention violated his due process rights.  *Id.* ¶¶ 71–74.  Petitioner sought either immediate release or a bond hearing under 8 U.S.C. § 1226(a).  *Id.* ¶¶ 75–76.

On February 10, 2026, the Government filed a supplemental response to the Amended Petition.  *See* Dkt. No. 28.  The Government reprised its argument that Petitioner was lawfully detained under 8 U.S.C. § 1225(b)(2)(A).  *Id.* at 4–5.

In his reply filed on February 13, 2026, Petitioner reprised his argument that 8 U.S.C. § 1225(b)(2)(A) did not apply to his detention.  Dkt. No. 29 at 8–10.

## II.    LEGAL STANDARD

Mr. Villanueva-Milla brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Section 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'"  *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)).  "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention."

3

*Lopez v. Sessions*, No. 18 CIV. 4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). "Jurisdiction over 28 U.S.C. § 2241 habeas petitions is properly limited to purely legal statutory and constitutional claims and does not extend to review of discretionary determinations by immigration judges." *Id.* (quotation and brackets omitted). The Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III.   DISCUSSION

Mr. Villanueva-Milla's continued detention violates his due process rights. "Aliens, of course, are entitled to due process." *Zheng v. Mukasey*, 552 F.3d 277, 286 (2d Cir. 2009) (quoting *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007)). "[T]he Fifth Amendment entitles noncitizens to due process of law," "whether their presence here is lawful, unlawful, temporary, or permanent." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993); *Demore*, 538 U.S. at 523; then quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)). The Supreme Court has "repeatedly—and recently—reiterated this principle." *Munoz Materano*, 2025 WL 2630826, at *12 (citing *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025)).

But applicants for admission, "stand[] on a different footing." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953). Applicants for admission, including those noncitizens who are paroled into the United States for a limited purpose, are "treated, for constitutional purposes, as if stopped at the border." *Zadvydas*, 533 U.S. at 693; *see United States ex rel. Kordic v. Esperdy*, 386 F.2d 232, 235 (2d Cir. 1967) ("A 'parolee,' even though physically in the country, is not regarded as having 'entered' and thus has not acquired the full protection of the Constitution."). Accordingly, for an applicant for admission, "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." *Zadvydas*, 533 U.S. at 693; *see also Augustin v. Sava*, 735 F.2d 32, 36 (2d. Cir. 1984) ("Although aliens who petition for admission have no

4

constitutional rights regarding their applications, they do have such statutory rights as Congress grants."). Accordingly, the question of whether Mr. Villanueva-Milla's detention comports with his right to due process requires first determining the statutory authority governing his detention.

Section 1226, and not Section 1225, governs Mr. Villanueva-Milla's detention while in removal proceedings. On April 28, 2026, the United States Court of Appeals for the Second Circuit decided *Ricardo Aparecido Barbosa Da Cunha v. Freden*, No. 25-3141 (2d Cir. Apr. 28, 2026).[3] The Second Circuit held that "Section 1226(a) plainly applies to noncitizens . . . who are present in the United States, but charged as inadmissible for entering the country without inspection and admission." *Id.* at 14. The Second Circuit also held that "Section 1225(b)(2) . . . applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization." *Id.* at 17. The Second Circuit clarified that "Section 1225(b)(2)(A) applies to those noncitizens who present themselves at a port of entry for admission, or who cross the physical border into the United States but are apprehended at the 'threshold of initial entry.'" *Id.* (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107, 140 (2020)). In this case, Mr. Villanueva-Milla is a noncitizen who was present in the United States when he was detained by ICE. He has been charged as inadmissible for entering the country without inspection and admission. Therefore, Section 1226(a) applies to him. *Id.*

Section 1225 does not govern Mr. Villanueva-Milla's detention. He was detained in Monroe, New York, after having been at liberty in the United States for nearly eight years. He was not "present[ing] [himself] at a port of entry for admission," nor was he apprehended on the "threshold of initial entry" while "cross[ing] the physical border into the United States." *Id.* Like Mr. Da Cunha, he entered the interior unlawfully years ago and is now in removal proceedings. *Id.* Because

---

[3] The Second Circuit's decision may be found on its website. https://ww3.ca2.uscourts.gov/decisions/OPN/25-3141_complete_opn.pdf

he has not been granted lawful admission, he also remains an "applicant for admission." *Id.* But, like Mr. Da Cunha, "it simply cannot be said that he is 'seeking admission'" because he is not "requesting lawful entry into the United States." *Id.* Thus, Section 1225 does not apply to him.

Mr. Villanueva-Milla's continued detention under Section 1226 is unlawful. "Under Section 1226(a), detention is discretionary and the Attorney General may release the alien on bond or conditional, with the exception of noncitizens involved in certain criminal or terrorism-related activity." *Barbosa Da Cunha*, at 12 (citing 8 U.S.C. §§ 1226(a)(2)(A)–(B), 1226(c)) (internal citations, quotations, and ellipses omitted). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Here, Mr. Villanueva-Milla was first detained on January 12, 2026. Nothing in the record suggests that he has received the bond hearing to which he is entitled or that there was any individualized determination of whether he was a flight risk or a danger to the community. Therefore, his continued detention is unlawful under the INA.

Accordingly, Mr. Villanueva-Milla's detention violates his right to due process and his petition must be granted.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Villanueva-Milla's petition for a writ of habeas corpus is GRANTED. Respondents are directed to immediately release Petitioner from custody within one business day of this order and are further directed to certify compliance with the Court's order by a filing on the docket no later than May 4, 2026. The Clerk of Court is directed to enter judgment for Petitioner and to close this case.

SO ORDERED.

Dated:  April 28, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

6